UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM "VAN" HOWENSTINE,<br><br>    Plaintiffs<br><br>v.<br><br>PHH MORTGAGE COMPANY[1] A/K/A OCWEN MORTGAGE COLLECTION SERVICING AGENCY, INC. A/K/A NEW REZ, LLC, AND AMERICAN SECURITY INSURANCE COMPANY, ASSURANT and JP MORGAN CHASE BANK,<br><br>    Defendants. | CASE NO. 23-cv-01316<br><br>JUDGE: Barry W. Ashe<br><br>SECTION: M<br><br>MAGISTRATE JUDGE: Michael North<br><br>MAGISTRATE DIVISION: 5 |

### DEFENDANT PHH MORTGAGE CORPORATION'S
### ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

and

### COUNTERCLAIM AND THIRD PARTY COMPLAINT FOR INTERPLEADER

Defendant/Counter-Claimant, PHH MORTGAGE CORPORATION ("PHH")[2], by and through undersigned counsel, submits its Answer and Affirmative Defenses to Plaintiff, WILLIAM "VAN" HOWENSTINE's ("Plaintiff"), Complaint, along with its Counterclaim and Third Party Complaint for Interpleader, and states as follows:

### ANSWER TO THE COMPLAINT

1.  Admit the allegations in Paragraph 1.

2.  PHH is not required to admit or deny this allegation.

3.  Admit the allegations in Paragraph 3. Admit further that PHH is the servicer of a

---

[1] PHH is incorrectly named as "PHH Mortgage Company a/k/a Ocwen Mortgage Collection Servicing, Agency, Inc. a/k/a New Rez, LLC in the Plaintiff's Petition.
[2] PHH is incorrectly named as "PHH Mortgage Company a/k/a Ocwen Mortgage Collection Servicing, Agency, Inc. a/k/a New Rez, LLC in the Plaintiff's Complaint.

1

loan agreement evidenced by an Adjustable Rate Note ("Note") in the amount of $378,350 executed on June 10, 2005 by Plaintiff and his former wife, Laurie W. Howenstine, which was secured by a Mortgage executed on this same date by the Plaintiff and Laurie W. Howenstine (the "Mortgage")[3] which encumbered real property located at 5127 Patterson Drive, New Orleans, LA 70131 (the "Property"). In connection with the execution of the Loan documents, on June 10, 2005, title to the Property was transferred to the Plaintiff and Laurie W. Howenstine. A copy of the Note is attached hereto as **Exhibit A** and is incorporated herein by reference. A copy of the Mortgage is attached hereto as **Exhibit B** and is incorporated herein by reference. A copy of the Act of Sale is attached hereto as **Exhibit C** and is incorporated herein by reference.

      4.      PHH denies the allegations as without sufficient knowledge.

      5.      PHH denies the allegations as without sufficient knowledge.

      6.      Admit that on February 3, 2021, a draw issued as a check payable to William Van Howenstine and Laurie W. Howenstine in the amount of $5,582.13 was sent via FedEx to the Plaintiff. A second check in the amount of $5,582.13 payable to William Van Howenstine and Laurie was sent via FedEx to the Plaintiff on or around February 15, 2021.

      7.      PHH denies the allegations as without sufficient knowledge (for both subparagraphs of this paragraph).

      8.      The documents referenced in Paragraph 8 are the best evidence of their contents. PHH denies the allegations in Paragraph 8 to the extent that they vary from the terms of the referenced document and denies the remaining allegations in Paragraph 8.

      9.      This paragraph is not directed toward PHH and therefore no response is required.

      10.      PHH denies the allegations as without sufficient knowledge.

---

[3] The Note and Mortgage are collectively referred to as the "Loan".

11. PHH denies the allegations as without sufficient knowledge.

12. PHH denies the allegations as without sufficient knowledge.

13. PHH denies the allegations as without sufficient knowledge.

14. PHH denies the allegations as without sufficient knowledge.

15. PHH denies the allegations as without sufficient knowledge.

16. PHH denies the allegations as without sufficient knowledge.

17. PHH denies the allegations as without sufficient knowledge.

18. Admits that on May 30, 2022, a draw issued as a check payable to William Van Howenstine and Laurie W. Howenstine in the amount of $5,582.13 was sent via FedEx to the Plaintiff. PHH denies the remaining allegations included in this paragraph.

19. Admit that on May 2, 2022, Plaintiff called PHH and requested that Laurie W. Howenstine be removed from the draw requests. During this call, PPH requested a copy of the divorce Plaintiff's divorce decree. On May 4, 2022, PHH received a copy of the Plaintiff's Consent Judgment of Divorce and Consent Judgment of Partition of Community Property. A true and correct copy of the Consent Judgment of Partition of Community Property ("Consent Judgment") is attached hereto as **Exhibit D.** Pursuant to the Consent Judgment, Laurie W. Howenstine's ownership in the Property was only to be extinguished upon receipt of a payment from the Plaintiff and Laurie W. Howenstine's donation or quitclaim of the Property. *See* Exhibit D, pp. 2-3. Admit further that, on August 15, 2022, during a telephone call between the Plaintiff and PHH, PHH informed the Plaintiff that, after reviewing the Consent Judgment, Plaintiff was required to submit a quit claim deed transferring ownership from the Plaintiff and Laurie W. Howenstine to the Plaintiff only (which was required under the Consent Judgment). A true and correct copy of PHH's notes including this entry is attached hereto as **Exhibit E.** PHH continued to advise the Plaintiff of this requirement during multiple calls exchanged between the Plaintiff

3

and PHH in September, 2022, including a call on September 15, 2022, when PHH stated that it would accept any legal document that could be accepted in lieu of a quit claim deed that transferred ownership of the Property from the Plaintiff and Laurie W. Howenstine to the Plaintiff only. *Id.* However, as of the date of the filing of this Answer, the Plaintiff has failed to provide such documentation.

20. PHH admits that on April 27, 2022, a 30-Day Loss Drafts Follow-Up Letter was mailed to the Plaintiff. PHH denies the remaining allegations included in this paragraph.

21. The documents referenced in Paragraph 21 are the best evidence of their contents. PHH denies the allegations in Paragraph 21 to the extent that they vary from the terms of the referenced document and denies the remaining allegations in Paragraph 21.

22. PHH denies the allegations regarding the Plaintiff's location as set forth in Paragraph 22 as it is without sufficient knowledge. PHH admits that the property has been repaired.

23. PHH denies the allegations in Paragraph 23.

24. Admit the payment referenced in Paragraph 23 was sent to an address in New Jersey. PHH denies that this check was intended to be sent to the Plaintiff.

25. Admit that the Plaintiff telephoned PHH on December 3, 2022 and spoke with a PHH representative on that date. Denied as to the substance of this call.

26. Admit that the Plaintiff telephoned PHH on December 3, 2022 and spoke with a PHH representative on that date. Denied as to the substance of this call.

27. PHH denies the allegations in Paragraph 27.

28. Without knowledge.

29. PHH denies the allegations as without sufficient knowledge.

## FIRST AFFIRMATIVE DEFENSE

For its first affirmative defense, PHH states that the Plaintiff has failed to state a claim for any cognizable cause of action under either Louisiana or federal law.

## SECOND AFFIRMATIVE DEFENSE

For its second affirmative defense, PHH states that the Plaintiff has failed include an indispensable party in this litigation. Specifically, Plaintiff must include Laurie W. Howenstine, who is both a party to the Loan and co-owner of the Property.

## THIRD AFFIRMATIVE DEFENSE

For its third affirmative defense, PHH states that any claim for relief requested by the Plaintiff that involves PHH issuing the loss draft checks currently held by PHH to the Plaintiff only (and removing Laurie W. Howenstine as a payee), it is impossible for PHH to comply with any such order without exposing PHH to potential civil liability. Laurie W. Howenstine co-owns the Property and she is a party to the Loan. To date, Plaintiff has not provided PHH with the documents required under the Consent (or any other legal documents) effectuating a transfer of the Property to the Plaintiff only, despite multiple requests by the Plaintiff. Laurie W. Howenstine is therefore likewise entitled to the loss draft funds and forcing PHH to issue them to the Plaintiff and allow him to deposit the funds into his own account would expose PHH to a civil claim by Laurie W. Howenstine.

## FOURTH AFFIRMATIVE DEFENSE

For its fourth affirmative defense, PHH that Plaintiff has not sustained any damages proximately caused by PHH.

## FIFTH AFFIRMATIVE DEFENSE

For its fifth affirmative defense, PHH states that the Plaintiff has failed to mitigate any damages he incurred (the existence of which damages is denied).

**SIXTH AFFIRMATIVE DEFENSE**

For its sixth affirmative defense, PHH states that the claims asserted by the Plaintiff are barred by the doctrines of waiver, ratification, unclean hands and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

For its seventh affirmative defense, PHH states that the subject property was covered by insurance for damages caused by Hurricane Zeta. Such insurance should have provided coverage for the Plaintiff's claims. Any failure by the Plaintiff to recover under the subject insurance policy is due to the Plaintiff's fault.

**EIGHTH AFFIRMATIVE DEFENSE**

For its eighth affirmative defense, PHH states that the claims asserted by the Plaintiff are time-barred by the applicable prescriptive periods, and statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Any damages sustained by the Plaintiff (the existence of which damages is denied) were the result of acts or omissions of persons other than PHH, for which PHH is not legally responsible.

**TENTH AFFIRMATIVE DEFENSE**

For its tenth affirmative defense, PHH states that the Plaintiff lacks standing to maintain an action against PHH for the claims asserted in the Complaint.

**COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

PHH Mortgage Corporation files this counterclaim for interpleader against Plaintiff/Counter-Defendant WILLIAM "VAN" HOWENSTINE ("W. Howenstine") and third-parties LAURIE W. HOWENSTINE ("L. Howenstine"), S. J. BEAULIEU, JR., IN HIS CAPACITY AS THE CHAPTER 13 TRUSTEE OF THE BANKRUPTCY ESTATE OF W. HOWENSTINE (the "Trustee"), and MARK W. SMITH, A PROFESSIONAL LAW

CORPORATION D/B/A MARK W. SMITH & ASSOCIATES ATTORNEY-AT-LAW ("Smith"), and in support thereof states as follows:

### Facts

1. This is an action for interpleader arising under Fed. R. Civ. P. 22 involving adverse claims to the proceeds of a residential property insurance policy.

2. PHH is a disinterested stakeholder and files this action solely to avoid vexatious litigation due to competing claims to the proceeds of the property insurance policy and to avoid exposure to multiple liability.

### Parties and Jurisdiction

3. PHH is a Maryland corporation with its principal place of business located in Mt. Laurel, New Jersey.

4. PHH is a mortgage servicer and is currently in possession of property insurance policy proceeds totaling $76,277.72.

5. Upon information and belief, W. Howenstine resides in New Orleans, Louisiana, and is a citizen of Louisiana.

6. Upon information and belief, L. Howenstine resides in New Orleans, Louisiana, and is a citizen of Louisiana.

7. Upon information and belief, Trustee resides in Metairie, Louisiana, and is a citizen of Louisiana.

8. Smith is a Louisiana Professional Law Corporation, registered with the State of Louisiana with a principal address located at 500 North Causeway Boulevard, Metairie, Louisiana 70001.

9. 28 U.S.C. § 1332 jurisdiction under Fed. R. Civ. P. 22 interpleader requires: (1) complete diversity of citizenship, which is met when the stakeholder is diverse from all the

claimants, even if citizenship of the claimants is not diverse; and (2) an amount that exceeds $75,000 exclusive of interest and costs. *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 636, fn. 46 (5th Cir. 2002). In this instance there is diversity between the stakeholder (PHH) and the interpleader parties (W. Howenstine, L. Howenstine, Trustee and Smith).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because at least one interpleader defendant resides in this judicial district.

## Factual Allegations

**A. The Loan**

11. PHH is the servicer of a loan agreement evidenced by an Adjustable Rate Note ("Note") in the amount of $378,350 executed on June 10, 2005 by W. Howenstine and his former wife, L. Howenstine (collectively the "Howenstines"), which was secured by a Mortgage executed on this same date by the Howenstines (the "Mortgage")[4] that encumbered real property located at 5127 Patterson Drive, New Orleans, LA 70131 (the "Property").

12. In connection with the execution of the Loan documents, on June 10, 2005, title to the Property was transferred to the Howenstines. A true and correct copy of the Note is attached hereto as **Exhibit A.** A true and correct copy of the Mortgage is attached hereto as **Exhibit B**. A true and correct copy of the Act of Sale is attached hereto as **Exhibit C.**

13. On November 19, 2014, a Consent Judgment of Partition of Community Property ("Consent Judgment") was entered in Case No. 2019-17341, Civil District Court for the Parish of Orleans, State of Louisiana, which was a divorce proceeding involving the Howenstintes (the "Divorce Case"). A true and correct copy of the Consent Judgment is attached hereto as **Exhibit D.**

---

[4] The Note and Mortgage are collectively referred to as the "Loan".

14. Pursuant to the Consent Judgment, Laurie W. Howenstine's ownership in the Property was to be extinguished upon receipt of a payment from W. Howenstine and Laurie W. Howenstine's donation or quitclaim of the Property. *See* Exhibit D, pp. 2-3.

**B.  The Insurance Payments**

15. W. Howenstine alleges that his home was severely damaged by Hurricane Zeta on October 28, 2020.

16. Upon information and belief, W. Howenstine thereafter filed a claim with his property insurance provider, American Security Insurance Company ("ASIC").

17. As an endorsee on W. Howenstine's insurance policy, PHH was required to be included as a payee on any property insurance policy checks issued by ASIC regarding the Property.

18. On June 10, 2022, ASIC issued a claim check to PHH in the amount of $3,380.41 for the damage incurred at the Property following the October 28, 2020 hurricane (the "June Check"). The June Check was made payable to Mark W. Smith & Associates (W. Howenstine's attorney), PHH, and W. Howenstine.

19. On July 25, 2022, ASIC issued a second claim check to PHH in the amount of $72,897.31 (the for the damage incurred at the Property following the October 28, 2020 hurricane (the "July Check"). The July Check was likewise made payable to Mark W. Smith & Associates, PHH, and W. Howenstine.

20. PHH thereafter deposited the June Check and July Check and reissued them directly to W. Howenstine, L. Howenstine, and Mark W. Smith (the "PHH Payment Checks").

21. W. Howenstine requested PHH agree to re-issue the PHH Payment Checks and remove his former wife, L. Howenstine, as a payee.

22. On August 15, 2022, during a telephone call between the W. Howenstine and PHH,

PHH informed W. Howenstine that, after reviewing the Consent Judgment, W. Howenstine was required to submit a quit claim deed transferring ownership from W. Howenstine and L. Howenstine jointly to W. Howenstine only (which was required under the Consent Judgment). A true and correct copy of PHH's notes including this entry is attached hereto as **Exhibit E.**

23. PHH continued to advise L. Howenstine of this requirement during multiple calls exchanged between W. Howenstine and PHH in September, 2022, including a call on September 15, 2022, when PHH stated that it would accept any legal document that could be accepted in lieu of a quit claim deed that transferred ownership of the Property from W. Howenstine and L. Howenstine to W. Howenstine only. *Id.*

24. As of the date of the filing of this pleading, W. Howenstine has failed to provide such documentation.

25. The Howenstines are both parties to the Note and Mortgage.

26. Upon information and belief, the Howenstines jointly own the Property.

27. PHH has communicated its position (that it is unable to remove L. Howenstine from the PHH Payment Checks without sufficient documentation proving that she no longer has an interest in the Property) multiple times to both W. Howenstine and his former attorney, Smith.

**C.    The Bankruptcy**

28. Separately, on April 30, 2021, W. Howenstine filed for Chapter 13 bankruptcy relief in the United States Bankruptcy Court, Eastern District of Louisiana, commencing Case No. 21-10602 (the "Bankruptcy").

29. The Property is property of the Bankruptcy estate and was included in Schedule A/B filed in the Bankruptcy. *See* Bankruptcy, ECF Docket Entry ("D.E.") 4.

30. Pursuant to the terms of the confirmed Amended Plan in the Bankruptcy, all scheduled property of the estate that existed at confirmation shall vest and be retained by W.

Howenstine. Unscheduled property or property acquired after confirmation shall remain vested in the estate. *See* Bankruptcy, D.E. 114.

31. The Amended Plan was confirmed on December 30, 2021. [D.E. 125].

32. The alleged claim for insurance proceeds that W. Howenstine has asserted against PHH in this case was not included in the schedules of assets, the statement of financial affairs, the Amended Plan or any other disclosure document filed in the Bankruptcy. It therefore likely is "unscheduled property" which, under the Amended Plan, is still vested in the Bankruptcy estate.

33. The Trustee is a representative of the Bankruptcy estate who has the capacity to sue or be sued and has standing to prosecute any action or proceeding on behalf of the Bankruptcy estate before any tribunal, 11 U.S.C. § 323; Fed.R.Bankr.Proc. 6009. As such, in addition to W. Howenstine and L Howenstine, the Trustee has or may have the right to pursue the claim for insurance proceeds that W. Howenstine has asserted against PHH in this case.

**D.     The Attorney's Fee Lien**

34. Smith was retained by W. Howenstine and/or L. Howenstine in connection with the insurance claim that he filed with ASIC.

35. Upon information and belief, Smith may claim a lien over part or all of insurance proceeds currently in PHH's possession for expenses it may have incurred in obtaining all or part of the proceeds on behalf of the Howenstines.

**COUNT 1**

**(Declaratory and Injunctive Relief)**

36. PHH incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

37. PHH claims no interest in the PHH Payment Checks and is an impartial stakeholder.

38. PHH is in doubt as to whether W. Howenstine, L. Howenstine and/or the Trustee is entitled to receive the PHH Payment Checks or the amount, if any, each interpleader party is entitled to receive.

39. Removal of L. Howenstine from the PHH Payment Checks and re-issuing them to W. Howenstine will expose PHH to multiple liability.

40. A just and expeditious determination of the proper recipients of the PHH Payment Checks and the amount that each claimant is entitled to receive requires the Howenstines, the Trustee and Smith to interplead and litigate their claims to the PHH Payment Checks.

41. PHH is ready, willing, and able to deposit into the Court's registry a check in the amount of $76,277.72, upon issuance of an order granting PHH leave to deposit this amount. PHH will abide by any order of the court relating to the distribution of the interpleader property.

WHEREFORE, PHH Mortgage Corporation respectfully requests that the Court enter an order:

    a. Enjoining the interpleader defendants, their agents, attorneys, and assigns, from instituting any action in federal, state, or administrative forum against PHH relating to the PHH Payment Checks or any other payment due to the Howenstines, the Trustee or Smith by ASIC regarding storm damage incurred at the Property on October 28, 2020;

    b. Directing PHH to deposit into the Court $76,277.72 representing the insurance policy proceeds that PHH is currently in possession of, minus reasonable attorneys' fees and costs;

    c. Awarding PHH its reasonable attorneys' fees and costs, which shall be deducted from the amount to be deposited with the Court;

d.      Discharging PHH from any and all liability relating to the ASIC insurance policy, any benefits due under the policy, and the insurance proceeds currently in possession of PHH;

e.      Requiring the interpleader defendants to interplead as to their respective rights to the proceeds; and

f.      Granting such other and further relief as the Court deems just and proper.

Respectfully submitted, this 19th day of May, 2023.

                                      McGLINCHEY STAFFORD

                                      *s/ Stephen W. Rider*
Stephen W. Rider, Esq. (#02071)
Timothy G. Byrd, Jr., Esq. (#35691)
601 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 596-2798
Fax: (504) 596-2900
srider@mcglinchey.com
tbyrd@mcglinchey.com

***Attorneys for Defendant***
***PHH Mortgage Corporation***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 19, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                           */s/ Stephen W. Rider*
                                               Stephen W. Rider, Esq.